617 So.2d 272 (1993)
Tommy Lee MOORE and Joey Sloan A/K/A Shellie Joe Sloan,
v.
STATE of Mississippi.
No. 90-KA-1129.
Supreme Court of Mississippi.
April 8, 1993.
*273 Edward D. Lancaster, John P. Fox, Houston, for appellant.
Michael C. Moore, Atty. Gen., Mary Margaret Bowers, Sp. Ass't. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
BANKS, Justice, for the court:

I.
Tommy Lee Moore, Joey Sloan, and Jeffery Moore were convicted in the Circuit Court of Chickasaw County on a joint multi-count indictment of assaulting James Devin King, a deputy sheriff. Tommy Lee Moore appeals his conviction of aggravated assault and sentence of seven (7) years in the Mississippi Department of Corrections, four (4) years suspended, three (3) years to serve. Joey Sloan appeals his convictions of simple assault and simple assault upon a law enforcement officer and sentences of six (6) months in the county jail with three (3) months suspended and $500.00 fine on each count. Jeffery M. Moore was found guilty of simple assault and received a suspended sentence. He did not join in this appeal.
The testimony is conflicting. Deputy Sheriff King testified that he and his passengers were returning home from church services travelling Highway 47. King testified that he attempted to pass a pickup truck driven by Sloan and occupied by Tommy Moore and Jeffery Moore and that the driver of the truck pulled into the passing lane, blocking King's attempt to pass. After King finally succeeded in passing the truck, the driver of the truck continuously blew his horn and motioned to King, so King stopped at the intersection of Highways 47 and 8, exited his vehicle, and walked to the truck to inquire if there was a problem. Moore got out of the truck and struck King. King testified that he identified himself as a deputy sheriff and showed his badge, which was corroborated by Stevens, a passenger in King's car. Stevens attempted to come to King's aid, but Sloan pointed a gun at him and directed that he not get involved. Moore hit King again. The attack caused King to lose a tooth, suffer multiple bruises, and incur medical expenses of $1,392.28.
Moore and Sloan had a different version. They stated that King was driving at a high rate of speed when he passed them in a curve with a double yellow line. They testified that Sloan did not blow his horn. Sloan and Moore testified that King stopped at the intersection, got out of his car, and asked Sloan what was wrong. Moore, who had only one eye, said he was afraid that King was reaching for a gun in his pocket, so he hit King in the face. Sloan and Moore said King never identified himself as a law enforcement officer or displayed his badge. They also denied pointing a gun at anyone.
King went to his car and retrieved his pistol. Moore, seeing the gun, jumped into the back of the truck, and Sloan sped away.
Moore and Sloan contend that there was a failure of proof as to both counts and, alternatively, that the verdicts were against the overwhelming weight of the evidence. Sloan contends that his conviction on both counts offends his right to be free of double jeopardy. We find appellants' contention to be without merit and we, therefore, affirm.

*274 II.
Sloan contends that there was a failure of proof that King was acting within the course of his duties as a law enforcement officer or that the defendants knew that he was doing so. There was conflicting testimony as to whether King identified himself as a law enforcement officer before Sloan pointed a pistol at him. King and Stevens testified that he did. King further testified that as a sworn officer he was continuously on duty. At the time that King identified himself and displayed his badge, he had been struck by Moore which gave cause to effect an arrest. The jury was instructed that before it could find defendants guilty of simple assault on a law enforcement officer, it must find beyond a reasonable doubt that they had put King in fear of imminent serious bodily injury by pointing a gun at him and "that J.D. King was a law enforcement [sic] acting within the scope of his duties, and the defendants knew he was a law enforcement officer." We find that there was sufficient proof to support Sloan's conviction of simple assault upon a law enforcement officer.

III
Both parties contend that the verdicts are against the overwhelming weight of the evidence. There was conflicting evidence on the issues of self-defense and whether King was and defendants knew that he was acting within the course of his duties as a law enforcement officer. The jury was properly instructed on the law of the case, including a self-defense instruction. The jury determined that Moore was not acting in self-defense, but, apparently, found that Moore did not know that King was acting in the course of his duties as a law enforcement officer. The jury found that Sloan was aware of this latter fact at the time of his offending actions. The decision whether to grant a motion for new trial on grounds that the jury verdict is against the overwhelming weight of the evidence is committed to the sound discretion of the trial judge in the first instance. Crenshaw v. State, 520 So.2d 131, 135 (Miss. 1988). The standard is whether the verdict is so contrary to the overwhelming weight of the evidence that to allow the verdict to stand would be to sanction an unconscionable injustice. Jackson v. State, 551 So.2d 132, 148 (Miss. 1989). We find no abuse of that discretion. There is no merit to this issue.

IV.
Sloan was charged with two (2) separate crimes, tried, convicted and sentenced for two (2) distinct offenses. He contends that under the facts presented his right to be free from double jeopardy has been violated in that he is being subjected to multiple punishments for the same act. The state argues that Sloan can be charged with simple assault against King as an accessory before the fact to the Moore assault and, without violating the prohibition against double jeopardy, and be charged separately with an assault arising out of the pointing of the pistol. On close examination of the facts it appears that the state is correct in arguing that Sloan engaged in conduct severable into two separate offenses.
Sloan intervened in an ongoing assault to aid the perpetrator, Moore, by preventing the passenger from assisting King. Moore struck King again thereafter. Subsequently, Sloan committed an assault against King by training his weapon upon him. The state aptly relies upon what this court said in Wright v. State, 540 So.2d 1, 5 (Miss. 1989):
In Pharr v. State, 465 So.2d 294 (Miss. 1984) . .. this court stated:
Separate acts though committed close in point of time to one another may constitute separate criminal offenses... .
Temporal proximity does not generate a judicial union of separate and distinct criminal acts, nor does the presence of a common nucleus of operative facts.
[citations omitted].
Double jeopardy protects criminal defendants from being exposed to more than one prosecution for the same offense. It does not protect a defendant *275 against different prosecutions for different offenses.
Sloan's double jeopardy contention is without merit.

V.
For the foregoing reasons, we affirm the conviction and sentence of Tommy Lee Moore and the conviction and sentence of Joey Sloan.
TOMMY LEE MOORE: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SEVEN (7) YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOUR (4) YEARS SUSPENDED, THREE (3) YEARS TO SERVE AFFIRMED. JOEY SLOAN: CONVICTIONS OF SIMPLE ASSAULT AND SIMPLE ASSAULT UPON A LAW ENFORCEMENT OFFICER AND SENTENCES OF SIX (6) MONTHS IN THE COUNTY JAIL WITH THREE (3) MONTHS SUSPENDED AND $500.00 FINE ON EACH COUNT AFFIRMED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, ROBERTS and SMITH, JJ., concur.
HAWKINS, C.J., not participating.