IN THE SUPREME COURT OF MISSISSIPPI
NO. 98-KA-00077-SCT

*JIMMY GREENWOOD a/k/a JIMMY D. GREENWOOD*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/22/1997 |
| TRIAL JUDGE: | HON. JOHN B. TONEY |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WALTER E. WOOD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | RICHARD D. MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 7/1/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/22/99 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This appeal challenges appellant's conviction for attempted armed robbery. We conclude that there was sufficient evidence of an overt act necessary to support the attempted armed robbery conviction. We further conclude that appellant's separate convictions for aggravated assault and attempted armed robbery do not violate double jeopardy protections because the offenses are separate and distinct. Accordingly, the judgment of the trial court is affirmed.

**I.**

¶2. On December 9, 1996, Madison County Deputy Sheriff Scott Weeks responded to a shooting call at John Axtell's home at 470 Heindl Road in Madison County. Upon arrival, Weeks was met by Axtell, who complained of being shot in the head. Axtell informed the investigating officer that he had been sitting in his recliner that evening watching television when he answered a knock at his door. Axtell said it was Greenwood, known to him as Jimmy Sutton, and two other males at the door, claiming to have run out of gas. Axtell related that he offered Greenwood gas from a gas can he kept on the back of his truck and continued to watch television. Greenwood returned minutes later, requesting that Axtell carry him and his companions to their car with the gas, but Axtell declined Greenwood's request. Axtell believed Greenwood and his companions had finally left.

¶3. Shortly afterward, Axtell heard glass breaking and shots being fired. A concrete rock had been thrown through the plate glass sliding door and shots had been fired through the door. At that time, Axtell realized that he had been hit in the back of the head with a projectile. He then retrieved his hunting rifle and returned gunfire. After he established that the boys were gone, he phoned the Madison County Sheriff's Department for assistance.

¶4. Greenwood, Eric Wolfe and McCain Jackson were indicted on charges of aggravated assault and attempted robbery. Greenwood entered a plea of guilty to the aggravated assault charge and was subsequently sentenced to serve a term of eighteen (18) years in the custody of the Mississippi Department of Corrections ("MDOC").

¶5. Later, following a jury trial, Greenwood was convicted of attempted armed robbery. He was sentenced to serve nine years in the custody of the MDOC, to be served consecutively to his sentence received for aggravated assault. Aggrieved, Greenwood appeals to this Court seeking relief.

## II.

¶6. In his first assignment of error, Greenwood argues that there was no overt act committed which would support a conviction of attempted armed robbery. He asserts that for the conviction to stand, there must be some overt act which goes beyond mere planning or preparation. The State counters that there was sufficient evidence of an overt act to uphold Greenwood's conviction for attempted armed robbery.

¶7. It is well settled in Mississippi that an intent to commit a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission. *Edwards v. State*, 500 So. 2d 967, 969 (Miss. 1986) (citing *Bucklew v. State*, 206 So. 2d 200, 202 (Miss. 1968). The overt act must be such as will apparently result, in the ususal and natural course of events if not hindered by extraneous causes, in the commission of the crime itself, and an act apparently adapted to produce the intended result is sufficient to constitute the overt act essential to an attempt. *Bucklew v. State*, 206 So. 2d at 202. There must be an act that goes beyond mere planning and preparation, as mere intention to commit a crime will not sustain a conviction for attempt. *Jackson v. State*, 254 So. 2d 876, 878 (Miss. 1971); *Bucklew v. State*, 206 So. 2d at 202-03.

¶8. Count II of Greenwood's indictment charged that he "did willfully, unlawfully and feloniously attempt to take the personal property of John Axtell, from his presence and against his will by violence to his person by the use of a gun. . . . in violation of Mississippi Code Annotated § 97-3-79, as amended. The attempt failed in that John Axtell was able to retrieve his weapon and shoot warning shots thereby causing Jimmy Greenwood, Eric Wolfe, and McCain Jackson to flee. . . ."

¶9. Eric Wolfe testified for the State that Greenwood approached him on December 9, 1996, while he was shooting pool at a store in Canton and asked Wolfe to ride around the city with him. During their ride around Canton, according to Wolfe, when they approached the area near Axtell's house, Greenwood stated that he was thinking about robbing Axtell because he knew that Axtell had a safe in his house with a lot of money in it. Wolfe further testified that Greenwood told him that he had planned to knock on Axtell's door and hold a pistol to his head once he opened the door. Greenwood did not, however, go through with the plan to hold a gun to Axtell's head, but instead asked Axtell for gas when he opened the door.

¶10. The State also introduced Greenwood's voluntary statement in which he admitted to shooting Axtell

through the window and throwing the concrete rock through the plate glass door. Greenwood rested without testifying or presenting any witnesses to testify on his behalf.

¶11. Although Greenwood did not carry out the initial plan to hold the gun to Axtell's head and rob him, his actions of shooting Axtell and throwing the concrete block were clearly sufficient overt acts to support his conviction for attempted armed robbery. Such actions by Greenwood went beyond mere planning and preparation, and the jury was free to infer that the only reason no robbery was consummated was because Axtell returned gunfire once he reached his own weapon, causing Greenwood and his cohorts to flee. This assignment is without merit.

## III.

¶12. Greenwood next asserts that his conviction of attempted armed robbery violates the double jeopardy provisions of the federal and state constitutions. He argues that identical elements and acts supported his convictions for both attempted armed robbery and aggravated assault. The State argues that Greenwood committed two separate and distinct crimes which required proof of different elements.

¶13. Because there is nothing in the record to suggest that Greenwood raised this argument in the trial court, this issue was not properly preserved for appeal. *Ross v. State*, 603 So. 2d 857, 860-61 (Miss. 1992). However, because Greenwood asserts an error which may affect a fundamental constitutional right, the procedural bar should be excepted in this case. *See Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996).

¶14. Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *White v. State*, 702 So. 2d 107, 109 (Miss. 1997). "Where the two offenses for which the defendant is punished or tried cannot survive the same elements test, the double jeopardy bar applies....[t]he same elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. *Id*. (quoting *United States v. Dixon*, 509 U.S. 688, 696, (1993)). Even though there may be a substantial overlap in the proof supporting the convictions of the different crimes, the *Blockburger* test is met where each offense requires proof of an element not necessary to the other. *Bannister v. State*, No. 97-CP-01060-SCT, 1999 WL 12823, *3 ¶ 12 (Miss. Jan. 14, 1999). Double jeopardy does not protect a defendant against different prosecutions for different offenses. *Moore v. State*, 617 So. 2d 272, 274-75 (Miss. 1993).

¶15. Under Miss. Code Ann. § 97-3-7(2)(1994), "a person is guilty of aggravated assault if he:

> (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm...."

¶16. Greenwood's indictment for aggravated assault charged that he "did purposely, knowingly, and feloniously cause or attempt to cause bodily injury to John Axtell by shooting him in his head with a gun, a deadly weapon. . . ."

¶17. Miss. Code Ann. § 97-3-79 (1994) provides the definition of armed robbery:

Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery. . . .

¶18. Miss. Code Ann. § 97-1-7, (1994) the general attempt statute, provides that:

Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof , shall, where no provision is made by law for the punishment of such offense, be punished . . . .

¶19. An attempt to commit a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct effectual act done toward its commission; and (3) the failure to consummate its commission. *Edwards v. State*, 500 So. 2d at 969.

¶20. The offenses for which Greenwood was convicted require different elements of proof, defeating the "same elements" test set out in *Blockburger*. Moreover, an overt act toward the commission of one crime can constitute a separate independent crime. *Bannister v. State*, 1999 WL 12823, *3 ¶ 12 (Jan. 14); *Hughes v. State*, 401 So. 2d 1100, 1102-05 (Miss. 1981). Thus, the overt act in this case which supported the aggravated assault conviction can also support Greenwood's conviction for attempted armed robbery without violating double jeopardy. This Court concludes that Greenwood committed two separate and distinct offenses, making his double jeopardy contention meritless.

## IV.

¶21. For the foregoing reasons, the conviction and sentence imposed in this case are affirmed.

¶22. **COUNT II: CONVICTION OF ATTEMPTED ARMED ROBBERY AND SENTENCE OF NINE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY TO THE SENTENCE RECEIVED IN COUNT I OF MADISON COUNTY CAUSE NO. 3039-A. APPELLANT SHALL PAY ALL COURT COSTS, FEES AND ASSESSMENTS.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**