ISHEE, J.,
for the Court:
¶ 1. In 2003, Larry Smith Jr. pleaded guilty in the Hinds County Circuit Court to sexual battery. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve, fifteen years suspended, and four years of post-release su *482 pervision (PRS). While on PRS, he was arrested and charged with assault. Although the charge was subsequently remanded, Smith was deemed to have violated his PRS, and his PRS was subsequently revoked. Smith appealed the decision in a motion for post-conviction relief (PCR). The circuit court denied the PCR motion, and Smith now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. Smith was initially indicted and charged with the capital rape of a minor. In 2003, Smith pleaded guilty to a reduced charge of sexual battery. On the morning of June 21, 2011, while on PRS, Smith was arrested by Jackson Police Department officers in Jackson, Mississippi, on a charge of domestic assault. The responding officer, Officer A1 Taylor, testified that upon arriving at Smith’s residence, Smith’s girlfriend, Tammy Sparks, advised Officer Taylor that on the previous evening, Smith had twisted her necklace around her neck in an attempt to choke her. When the necklace broke, Sparks told Officer Taylor, Smith punched her in the forehead. Officer Taylor noted a bruise on Sparks’s neck where the necklace had cut into her skin. However, Sparks later recanted her story and succeeded in having the assault charges against Smith dropped.
¶ 3. Nonetheless, the charges prompted a PRS-revocation hearing. Smith’s MDOC Probation Officer, Eddie Williams, testified, as did Officer Taylor, Sparks, and Smith. Officer Williams testified that he filed to revoke Smith’s PRS based on the testimony of Officer Taylor. At the hearing, Officer Taylor repeated his observations and conversation with Sparks on the night of the incident.
¶ 4. Sparks testified that Smith, Sparks’s daughter, and Sparks’s grandson all lived with her. Sparks also stated that on the night of the incident, she and Smith had an argument and Smith left the house. She claimed to have then taken a heavy dose of prescription medication and gone to sleep. When she awoke, she noticed the bruise on her neck and the missing necklace. She questioned her daughter regarding the bruise, and her daughter told her that Smith had caused the bruise and advised her to call the police. However, she testified that she could not remember the events of the evening after taking the medication and that she did not believe Smith would have hurt her.
¶ 5. Smith then testified that he did not live with Sparks, but stayed there some nights. He admitted to having stayed at the house on the night in question, but claimed the necklace broke while the couple was having sex. Smith denied choking or hitting Sparks.
¶ 6. Despite this testimony, the circuit court revoked Smith’s PRS. The circuit court determined that Smith had committed some type of domestic assault upon Sparks and, accordingly, that Smith had violated the terms of his PRS. Two years of Smith’s PRS were revoked from the remainder of his sentence.
¶ 7. On November 17, 2011, Smith filed a PCR motion claiming his PRS was improperly revoked. The circuit court held a hearing on the motion and denied it. Smith now appeals.
DISCUSSION
¶ 8. “When reviewing a [trial] court’s decision to deny a [PCR] petition[,] ... [we] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). We review questions of law de novo. Brown v. State, 71 So.3d 1267, 1268 (¶4) (Miss.Ct.App.2011).
*483 ¶ 9. Here, Smith raises the following issues on appeal: (1) whether Smith proved by a preponderance of the evidence that he did not commit the offense of domestic violence; (2) whether the State proved beyond a reasonable doubt a prima facie case of simple assault and/or a violation of Smith’s PRS; (3) whether the circuit court erred by denying Smith’s PCR motion; and (4) whether Smith was subjected to double jeopardy. However, all of Smith’s claims relate back to the circuit court’s denial of his PCR motion. Accordingly, Smith’s overall issue is whether the circuit court erred in its denial of his PCR motion.
¶ 10. The standard for revoking PRS requires the State to show either (1) proof of an actual conviction, or (2) that an act has occurred which constitutes violation of probation and that it is more likely than not the probationer who committed the act. See McClinton v. State, 799 So.2d 123, 127 (¶ 9) (Miss.Ct.App.2001) (citing Younger v. State, 749 So.2d 219, 222 (¶ 12) (Miss.Ct.App.1999) (citation omitted)). We have previously reiterated that “a conviction is not necessary to revoke probation.” Younger, 749 So.2d at 222 (¶ 12) (citation omitted). Again, because the revocation of PRS is not a criminal matter, the evidence must only show that a defendant more likely than not committed the offense in question. Id. The State need not show proof beyond a reasonable doubt. Ray v. State, 229 So.2d 579, 581 (Miss.1969).
¶ 11. At the revocation hearing, Officer Taylor testified regarding the bruise he observed on Sparks’s neck as well as her statement about the violence. Sparks confirmed that she admitted to Officer Taylor that Smith had tried to choke her with the necklace and had then punched her in the face. Sparks later recanted her testimony and suggested that she had fallen asleep in the bed with her own hand around her neck, thereby causing the bruise. However, Sparks later testified that she could not remember the events from the evening in question.
¶ 12. Such testimony provided plenty of evidence for the circuit court to determine that Smith had more likely than not attacked Sparks on the evening in question, thereby violating the terms and conditions of his PRS. The circuit court was not erroneous in denying Smith’s PCR motion. The issues related to the revocation of Smith’s PRS are without merit.
1113. Finally, Smith argues that he was the victim of double jeopardy when the underlying criminal charge of domestic violence was remanded without conviction and the same charge was used to revoke his PRS. This Court has stated that “[djouble jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.” Brooks v. State, 769 So.2d 218, 224 (¶ 21) (Miss.Ct.App.2000) (citation omitted). If “each offense contains an element not contained in the other,” then double jeopardy does not apply. Id. (citation omitted).
¶ 14. Double jeopardy does not attach in the instant case. First, Smith was not acquitted or convicted multiple times of the assault charge for domestic violence, nor was he punished on multiple occasions for the offense. Moreover, the Mississippi Supreme Court has held that protections against double jeopardy are not applicable in PRS revocations if there is no evidence of an acquittal or conviction on the merits of the crime charged on which revocation was based. Lightsey v. State, 493 So.2d 375, 377-78 (Miss.1986) (superceded by statute and overruled on other grounds). Likewise, we emphasize that revocation *484 hearings are not criminal in nature. Ray, 229 So.2d at 581. As such, Smith suffered no double-jeopardy violations by the revocation of his PRS based on a remanded domestic-violence charge. This issue is also without merit.
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.