GRIFFIS, P.J.,
for the Court:
¶ 1. Rufus Brooks Jr. (“Brooks”) appeals the dismissal of his motion for post-conviction collateral relief (PCCR). Brooks argues that the trial court imposed an illegal sentence for both conspiracy to commit mui'der and manslaughter, and that his guilty plea to conspiracy to commit murder amounts to double jeopardy.[1] We find no error and affirm.
FACTS
¶2. On March 27, 2005, Rufus Brooks Sr. was found murdered. Brooks and Nicholas Brooks were arrested and charged with conspiracy to commit murder and murder, in violation of Mississippi Code Annotated sections 97-1-1 (Supp. 2013) and 97-3-19(l)(a) (Supp.2013).
¶ 3. On September 25, 2006, Brooks pled guilty to manslaughter and conspiracy to commit murder. Brooks was sentenced to ten years for conspiracy, with five years to serve and five years suspended, and twenty years for manslaughter. The sentences were ordered to run consecutively.
¶ 4. On January 7, 2013, Brooks filed a PCCR motion. The trial court dismissed the motion with prejudice. Brooks now appeals to this Court.
STANDARD OF REVIEW
¶ 5. This Court will not reverse a trial court’s dismissal of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011). When reviewing questions of law, this Court’s standard of review is de novo. Id.
ANALYSIS

I. Whether Brooks’s claims are time-barred.

¶ 6. Brooks asserts that his claims are not procedurally barred by the three-year time-bar, because they involve illegal sentences and a claim of double jeopardy.
¶ 7. Since Brooks pled guilty, his PCCR motion must have been filed “within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2) (Supp.2013). Section 99-39-5(2)(a)-(b) provides an exception to the time-bar where
there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the PCCR mov-ant’s] conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.... Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 8. “[T]he three-year statute of limitations is waived when a fundamental constitutional right is implicated.” Desemar v. State, 99 So.3d 279, 281 (¶ 7) (Miss. *316 Ct.App.2012) (citing Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010)). In Kennedy v. State, 732 So.2d 184, 186 (¶ 8) (Miss.1999), the court held: “[E]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration.” And “the right to be free from an illegal sentence has been found to be fundamental.” Id. (citing Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998)). Finally, this Court has recognized that “the prohibition against double jeopardy is a ‘fundamental right’ that is not subject to a procedural bar.” Bell v. State, 117 So.3d 661, 665 (¶ 16) (Miss.Ct.App.2013).
¶ 9. Brooks must prove that his case falls within one of these exceptions. See Miss.Code Ann. § 99-39-5(2). Brooks pled guilty on September 25, 2006. Brooks’s PCCR motion was filed on January 7, 2013. The trial court was not clearly erroneous. Brooks was not subject to illegal sentences or double jeopardy.

II. Whether Brooks’s sentence for conspiracy to commit murder exceeded the maximum sentence allowed.

¶ 10. Brooks argues that the trial court erred when he was sentenced to ten years for “gun conspiracy.” He claims that this exceeds the maximum sentence allowed, which was five years. However, Brooks pled guilty to conspiracy to commit murder, not gun conspiracy. The State asserts that the permissible punishment for conspiracy to commit murder is twenty years.
¶ 11. Mississippi Code Annotated section 97-1-1 (l)(h) provides that if two or more persons conspire “[t]o accomplish any unlawful purpose, or a lawful purpose by any unlawful means; such persons, and each of them, shall be guilty of a felony and upon conviction may be punished by ... imprisonment for not more than five (5) years .... ”
¶ 12. Section 97-1-1(3) provides:
Where the crime conspired to be committed is capital murder or murder as defined by law or is a violation of Section 41 — 29—139(b)(1), Section 41-29-139(c)(2)(D) or Section 41-29-313(1), being provisions of the Uniform Controlled Substances Law, the offense shall be punishable by .... imprisonment for not more than twenty (20) years ....
¶ 13. Brooks was indicted for conspiracy to commit murder and murder. He pled guilty to manslaughter and conspiracy to commit murder. Brooks was sentenced to serve five years, with five years suspended. This does not exceed the twenty-year permissible sentence. Thus, we find no merit to this issue.

III. Whether Brooks’s sentence for manslaughter exceeds the maximum sentence allowed.

¶ 14. Brooks argues that his sentence of twenty years for manslaughter, plus five years of supervised probation, exceeds the statutory maximum provided in Mississippi Code Annotated section 97-3-25 (Supp.2013). Brooks asserts that the twenty years to serve, plus five years of supervised probation, amounts to a twenty-five-year term.
¶ 15. Section 97-3-25(1) provides:
[A]ny person convicted of manslaughter shall be fined in a sum not less than Five Hundred Dollars ($500.00), or imprisoned in the county jail not more than one (1) year, or both, or in the custody of the Department of Corrections not less than two (2) years, nor more than twenty (20) years.
¶ 16. The Mississippi Supreme Court in Carter v. State, 754 So.2d 1207, 1209 (¶ 5) (Miss.2000), stated, “Probation under [Mis *317 sissippi Code Annotated section] 47-7-83 [ (Rev.2011) ] is a conditional term that is not a part of the prison sentence and is therefore not subject to the ‘totality’ of sentence concept found in [Mississippi Code Annotated section] 47-7-84 [(Rev. 2011) ].” Additionally, the court noted, “no part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.” Carter, 754 So.2d at 1209 (¶ 7) (quoting Miss. Code Ann. § 47-7-37 (Rev.2011)).
¶ 17. Brooks did not receive a sentence greater than the maximum sentence allowed. The additional time for probation was not calculated as part of his time to serve. Thus, we find no merit to this issue.

TV. Whether Brooks was subjected to double jeopardy.

¶ 18. Brooks asserts that he was subjected to double jeopardy when the State made the plea agreement. The murder charge was dismissed in exchange for a guilty plea to manslaughter. Brooks contends that the conspiracy charge should have been dropped.
¶ 19. “Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction,. and against multiple punishments for the same offense.” Brooks v. State, 769 So.2d 218, 224 (¶21) (Miss.Ct.App.2000) (quoting Greenwood v. State, 744 So.2d 767, 770 (¶ 14) (Miss.1999)).
¶ 20. In Vickers v. State, 994 So.2d 200, 215 (¶53) (Miss.Ct.App.2008), this Court stated:
The “same-elements” test prescribed in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) is used to determine whether the protections against doublet ]jeopardy apply. Graves v. State, 969 So.2d 845, 847 (¶ 8) (Miss.2007). Application of the “same-elements” test requires us to review each offense and determine whether “each contains an element not present in the other; if not, they are labeled the same offense for double-jeopardy purposes, and successive prosecutions and/or punishments are constitutionally barred.” Id. The Blockburger court stated that “the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” Blockburger, 284 U.S. at 304, 52 S.Ct. 180. The Supreme Court further stated, “a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.”
¶21. Mississippi Code Annotated section 97-1-1 provides that conspiracy occurs when two or more persons conspire to commit a crime. “[C]onspiracy is a separate, complete offense and the crime is completed once the agreement is formed; no further overt act is required to be shown.” State v. Thomas, 645 So.2d 931, 933 (Miss.1994) (quoting Norman v. State, 381 So.2d 1024, 1028 (Miss.1980)). Mississippi Code Annotated section 97-3-35 (Rev.2006) provides: “The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.”
¶ 22. The crimes of conspiracy and manslaughter are separate and distinct of *318 fenses. Each of these crimes contains an element not present in the other. Brooks has no double-jeopardy claim. Therefore, we find no merit to this issue.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.

. The trial court’s sentencing order states that Brooks pled guilty to "gun conspiracy” and manslaughter. This was a clerical error. At the plea hearing, Brooks pled guilty to manslaughter and conspiracy to commit murder.