584 So.2d 1274 (1991)
Willie GRIFFIN
v.
STATE of Mississippi.
No. 89-IA-698.
Supreme Court of Mississippi.
August 21, 1991.
*1275 T.H. Freeland, III, T.H. Freeland, IV, Tim F. Wilson, Freeland Freeland & Wilson, Oxford, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:

I
In this interlocutory appeal we are asked to consider the propriety of the trial court's proceeding on remand on an indictment where the state has failed previously to present sufficient evidence to convict on the charge as stated in the indictment, and we have deemed substantive the state's amendment to the charge to fit the facts. The trial court denied a defense motion to dismiss grounded in a double jeopardy claim but astutely recognized the dilemma posed by our previous decision and approved an interlocutory appeal. We reverse and remand with directions to enter a judgment of acquittal.

II
A jury in the Bolivar County Circuit Court convicted Willie Griffin of aggravated assault. His first appeal here resulted in our reversing the conviction and remanding the case for retrial holding, among other things, that the trial court committed reversible error in permitting the State at the close of its case to amend the indictment which charged Griffin with assault with a deadly weapon "by shooting the [victim] in the head" to charge assault by using a pistol, "a means likely to produce serious bodily harm." Griffin v. State, 540 So.2d 17 (Miss. 1989) (hereafter referred to as Griffin I).

III.
An indictment may not be amended to change the nature of charge, except by action of the grand jury which returned the indictment. Akins v. State, 493 So.2d 1321, 1322 (Miss. 1986), citing Jones v. State, 279 So.2d 650, 651 (Miss. 1973). "To be permissible, the amendment to an indictment must be of form and not of substance." Id. citing Contreras v. State, 445 So.2d 543, 545 (Miss. 1984); Hannah v. State, 336 So.2d 1317, 1321 (Miss. 1976).
It is well settled in this state ... that a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the *1276 face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case.
Wilson v. State, 574 So.2d 1324 (Miss. 1990) citing Ellis v. State, 469 So.2d 1256, 1258 (Miss. 1985), quoting from Shelby v. State, 246 So.2d 543, 546 (Miss. 1971).
After the amendment of the indictment, Griffin was no longer defending a "shooting" but something different. Therefore, his defense that the shooting was an accident had disappeared. In Griffin I, we correctly held that the amended indictment was a new charge, a substantive change. Such a change can only be made by a grand jury, not by amendment during the trial. Consequently, our observation in Griffin I, that Griffin was entitled to "at least a continuance" regarding the possibility of a substantive amendment by the prosecution was inadvertent. It is clear that the defendant was and is entitled to have us view the evidence presented as it relates to the original charge and determine whether it was sufficient to support a conviction for the crime as charged. Debussi v. State, 453 So.2d 1030, 1033 (Miss. 1984).
We observed in Griffin I that,
[h]ad the lower court not permitted the amendment of the indictment, appellant would have been entitled to a directed verdict of not guilty on the aggravated assault charge of shooting Hilbert Cook, Jr. in the head with a pistol, since the evidence was uncontradicted that the gun accidentally fired and that he was not wounded by the firing of the weapon.
That conclusion dictates that Griffin be acquitted of the charge. The evidence presented failed to sustain the charge of aggravated assault as contained in the original indictment. The prosecution could not at trial and cannot now make substantive amendments to Griffin's indictment in order to merit a conviction based on the evidence that it was able to present. We reverse the judgment of the circuit court and remand for entry of judgment of acquittal.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., and HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.