766 So.2d 815 (2000)
Terry Allen WILLIAMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01423-COA.
Court of Appeals of Mississippi.
September 12, 2000.
*816 Thomas L. Kesler, Columbus, Attorney for Appellant.
Office of the Attorney General by Glenn Watts, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND THOMAS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Terry Williams was found guilty by a Lowndes County Circuit Court jury of possession of cocaine. On the day of trial, the court allowed the State to amend the indictment to add a prior conviction as grounds for an enhanced penalty. Williams appeals, arguing that the indictment was amended to punish him for turning down a plea bargain. A uniform court rule explicitly permits such an amendment. We affirm.

FACTS
¶ 2. Terry Williams was arrested during a drug sweep of a Columbus neighborhood by officers from the local police department and from the state Bureau of Narcotics. While running from the officers he threw a small package of crack cocaine on the ground. Prosecutors repeatedly offered Williams a plea bargain, but he refused it and opted to have his case tried before a jury.
¶ 3. About three months before Williams's trial, the State moved to amend the original indictment to include the details of a prior conviction for drug possession in order to lay the groundwork for an enhanced penalty. See Miss.Code Ann. § 41-29-147 (Supp.1999). This statute allows any person convicted of a second or subsequent offense to be imprisoned for a term up to twice the term otherwise authorized and to be fined an amount up to twice that otherwise authorized, or both.
¶ 4. On the day of trial, the circuit court judge heard the motion and asked Williams's counsel if the amendment of the indictment would affect his ability to present a defense or unfairly surprise the defendant. Although defense counsel stated that the amendment was being used to coerce a guilty plea, he acknowledged that there was no surprise or compromise to his ability to present a defense. The court allowed the amendment. Williams was found guilty and sentenced to eight years.

DISCUSSION
¶ 5. Amendment of indictments is permitted for the purpose of charging the defendant as a habitual offender or elevating the level of the offense for purposes of enhanced punishment "only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." URCCC 7.09. Under the rule, three questions are critical: (1) whether the amendment to the indictment was one of form rather than substance; (2) whether the defendant had a fair opportunity to present a defense; and (3) whether the defendant was unfairly surprised by the amendment. Id.
It is well settled in this state ... that a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally *817 stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case.
Griffin v. State, 584 So.2d 1274, 1275-76 (Miss.1991). Under these guidelines, amending an indictment in order to charge a defendant as a habitual offender affects only sentencing and not the substance of the offense charged. Therefore such an amendment is permissible. Burrell v. State, 726 So.2d 160, 162 (Miss.1998).
¶ 6. Williams's original indictment charged him with possession of cocaine in the amount of 2.48 grams. The amendment added the following language:
That the defendant, TERRY WILLIAMS, was previously convicted in the Circuit Court of Lowndes County, Mississippi in cause number 94-233-CR1 for the crime of Possession of Cocaine, a felony, and sentenced to serve a term of three (3) years in the Mississippi Department of Corrections.
¶ 7. The test for determining whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made. Griffin, 584 So.2d at 1276. Where the original indictment adequately charged the defendant with the crime and the facts added to the indictment were of form rather than substance, the amendment of the indictment does not change the result. Greenlee v. State, 725 So.2d 816, 822 (Miss. 1998). In Greenlee, the supreme court found that the defense was equally available with the additional facts added in the amendment. Id.
¶ 8. Similarly, the trial court was correct in its finding that Williams was properly apprised of the charge pending against him, and the addition of the amendment did nothing to compromise his ability to present a defense. In fact, the trial court was careful to ask Williams's counsel if the amendment would compromise the defense in any way:
BY THE COURT: Is this in any way going to affect your ability to present a defense?
BY MR. KESLER: No, sir.
BY THE COURT: Are you unfairly surprised?
BY MR. KESLER: No sir. The gist of this, your Honor, this rule is being used as a sword rather than a tool in an attempt by the State to chill the defendant's right to a jury trial by waiting until the last possible minute and with the threat of enhancing the punishment and by upping the stakes they have attempted to persuade this man from his trial by jury.
BY THE COURT: Are you alleging prosecutorial misconduct?
BY MR. KELSLER[KESLER]: Yes, sir. I'm charging that the rule as applied and used by the State in this case is an abuse of the rules and procedures of the Court. Your Honor, this man told me last term that he wanted a trial. I supplied discovery to the State. Witnesses were interviewed. I have been asked I know three or four times in the last few days if he wasn't going to change his mind and plead guilty and in reference to that talking about this enhanced punishment.
BY THE COURT: Thank you.
BY MR. KELSLER[KESLER]: Thank you for letting me make the record, your Honor.
BY THE COURT: Do you have any comment?
BY MR. HEDGPETH: Your Honor, the only comment would be is that one reason to hold off on actually hearing those and amending indictments is if the defendant does change his mind, which the Court knows happens frequently, that he can enter a plea of guilty to the charge as it stands rather than facing the enhanced punishment so it's to his benefit that we hold off until the last minute to see whether *818 or not he wants to change his mind and enter a plea to the charge as it stands.
BY THE COURT: All right. The Court is looking at Rule 7.09 and the main concern the Court has is whether or not the amendment would in any way affect the defendant's right to present a defense and his counselor advised me that it would not and whether or not he was unfairly surprised and counsel advised me he was not; and therefore, the Court finds that there is no prejudice to the defendant by the amendment as stated in Rule 7.09 and the motion will be sustained and the indictment will be amended to include this prior conviction for enhanced punishment under the controlled substance act.
¶ 9. The trial court was satisfied that the amendment did not change the substance of the charge and did not compromise Williams's ability to present a defense. In the same colloquy, the trial court determined that the amendment would not surprise the defense. We also note that, although the motion was not heard until the morning of trial, it was filed by the State with the court three months earlier. This allowed the defense sufficient time to plan its strategy.
¶ 10. The purpose of the rule "is to protect the rights of the defendant by preventing unfair surprise after he has diligently prepared his defense strategy." Chevalier v. State, 730 So.2d 1111, 1113 (Miss.1998). In Chevalier, the court found that an amendment to the indictment that removed one element of the offense was a substantial change that unfairly surprised the defense. Id. at 1114. That is not the case here. There was no surprise to Williams or his counsel. He was afforded a hearing on the motion to amend, and he was given sufficient opportunity to prepare a defense.
¶ 11. Finally, we address Williams's argument that the State manipulated the rules of procedure so as to punish him for exercising his Sixth Amendment right to a trial by jury. The case cited by Williams as support for this contention is not useful to him. Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). There, the Supreme Court found that a prosecutor's decision to carry out a threat made during plea negotiations to have the defendant reindicted for the purpose of an enhanced penalty under a habitual criminal statute was not a violation of the accused's constitutional rights.
While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitableand permissibleattribute of any legitimate system which tolerates and encourages the negotiation of pleas. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.
Id. (internal citations omitted). The Court further stated that, as long as the prosecutor has probable cause to believe the accused committed an offense defined by statute, the decision of whether or not to prosecute and what charge to bring generally rests in his or her discretion. Id.
¶ 12. Williams also cited Williamson v. State, 388 So.2d 168, 170 (Miss.1980). In that case, the trial judge imposed a greater sentence upon the accused than was originally offered him in exchange for a guilty plea. The supreme court found no abuse of discretion. Other authorities relied upon by Williams are similarly unhelpful.
¶ 13. The supreme court emphasized "the absolute nature of the right of a person charged with a crime to a trial by jury" in Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). In fact, the court stated *819 that "[i]t is absolutely impermissible that a trial judge imposing sentence enhance the sentence imposed because the defendant refused a plea bargain and put the state and the court to the trouble of trial by jury." Id. However, the court "closely scrutinized" the circuit court's reasons for enhancing Pearson's sentence from the level proposed in plea negotiations to the maximum sentence allowed under law and determined that the defendant's prior record in addition to his current conviction justified the tougher sentence.
¶ 14. We find no contradiction between the Williams court's allowing the indictment to be amended and the principles just described.
¶ 15. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION ON POSSESSION OF COCAINE IN AN AMOUNT OF 2.48 GRAMS AND ENHANCED SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.