822 So.2d 984 (2002)
Timothy NICHOLS and Lynwood Slaydon, Appellants,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00989-COA.
Court of Appeals of Mississippi.
March 12, 2002.
Rehearing Denied July 16, 2002.
*987 Sam P. Cooper, Jr., Picayune, attorney for appellants.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Timothy Nichols and Lynwood Slaydon were tried and convicted together of trespass on the lands of another, attempted robbery, and simple assault in the Circuit Court of Pearl River County, Honorable *988 Michael R. Eubanks presiding. Nichols and Slaydon were both adjudicated as habitual offenders and each was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections for the armed robbery conviction without the possibility of parole along with one day for each misdemeanor conviction to run consecutively with the remaining five months and twenty-nine days of each misdemeanor suspended sentence. Motions for new trial were filed by both Nichols and Slaydon and summarily denied. From the denial of these motions, both Nichols and Slaydon appeal, each raising numerous issues.

STATEMENT OF FACTS
¶ 2. On October 30, 1999, Timothy Nichols and Lynwood Slaydon entered a house occupied by Walter Hansford. Upon noticing their presence, Hansford asked both Nichols and Slaydon to leave the house. They complied and returned to their vehicle. The brief visit by Nichols and Slaydon aroused Hansford's suspicions causing him to check the house to see if anything was missing. Hansford noticed that a compact disc player was missing and followed Nichols and Slaydon outside to see if they had taken it. Hansford noticed that the missing compact disc player was in the back of Nichols and Slaydon's vehicle. Hansford attempted to retrieve the property by grabbing it. Slaydon, who was closest to Hansford when he grabbed the compact disc player, also grabbed it and a tug-of-war ensued. Hansford eventually gained sole control over the player. It was at this moment that Nichols threw a full can of beer at Hansford striking him in the head. Slaydon repeated Nichols's effort similarly striking Hansford in the head. Both Nichols and Slaydon hit Hansford again with full cans of beer while he was attempting to escape. Hansford then found in the carport of the house a full can of gasoline with which he attempted to defend himself by spilling gas on both Nichols and Slaydon and swinging the gasoline canister at them. Nichols and Slaydon both backed off allowing Hansford time to retreat into the house. Before he could secure the door, Nichols reentered the house and began attacking Hansford. At the same time, Slaydon allegedly threw the gasoline can through the front window of the house. Hansford finally retrieved a telephone and called the police causing Nichols and Slaydon to flee the scene.
¶ 3. As a result of these endeavors, Nichols and Slaydon were charged with burglary, attempted robbery and aggravated assault. The aggravated assault charge was later reduced to simple assault. Neither Nichols nor Slaydon were convicted of burglary. Instead, both were convicted of the lesser-included offense of trespass on the land of another along with attempted robbery and simple assault. During the course of the trial, the State was allowed to amend the indictment so that it conformed to the evidence and to charge both Nichols and Slaydon as habitual offenders. After being convicted both Nichols and Slaydon moved for a new trial. From the denial of these motions, they both appeal.

STANDARD OF REVIEW AND LEGAL ANALYSIS
¶ 4. Nichols and Slaydon filed separate appeals each raising different issues. Because they were tried together, their appeals have likewise been joined together in this opinion. The issues raised by each will be addressed separately.

ISSUES RAISED BY TIMOTHY NICHOLS

1. Whether the verdict was against the overwhelming weight of the evidence.
¶ 5. Under this issue Nichols really raises two separate concerns. First, that the *989 trial court erred when it denied his motion for directed verdict implicating that the State had failed to prove a necessary element of its case. Secondly, that the trial court erred when it denied Nichols' motion for new trial implicating that the verdict returned by the jury was against the overwhelming weight of the evidence. While these two issues are closely related to one another, they are nevertheless distinct and as such will be addressed separately under this issue.

a. Denial of Motion for Directed Verdict.
¶ 6. Motions for directed verdict challenge the sufficiency of the evidence. Hayes v. State, 801 So.2d 806, 811(¶ 19) (Miss.Ct.App.2001). "When reviewing the sufficiency of the evidence, this Court looks to all the evidence before the jurors to determine whether a reasonable, hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty." Id. The heart of Nichols' challenge to the sufficiency of the evidence is that the evidence does not support his conviction for attempted robbery.
¶ 7. To commit robbery, a person must "take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person." McKee v. State, 791 So.2d 804, 807(¶ 8) (Miss. 2001). To attempt a crime, a person must possess the intent to commit the particular crime, commit an act toward committing the crime, and fail to consummate the offense. Greenwood v. State, 744 So.2d 767, 771(¶ 19) (Miss.1999). "Any person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an `aider and abettor' and is equally guilty with the principal offender." Gleeton v. State, 716 So.2d 1083, 1088(¶ 17) (Miss.1998).
¶ 8. The State presented sufficient evidence to show that Nichols was involved in the robbery. Nichols asserts that Slaydon alone struggled with Hansford over the compact disc player and that he did nothing to assist Slaydon and was, therefore, not involved in the robbery of Hansford. Hansford testified that after he had wrestled control of the compact disc player from Slaydon, Nichols struck him in the head with a full can of beer. It is clear that when Nichols struck Hansford in the head with the beer can, he did so in furtherance of the attempted robbery and, at a bare minimum, could be considered an aider and abettor and, therefore, equally liable. The trial court did not err in denying Nichols' motion for directed verdict.

b. Denial of Motion for New Trial.
¶ 9. "A claim that the trial court erred in not granting a new trial because the verdict is against the weight of the evidence is reviewed under an abuse of discretion standard." Miller v. State, 801 So.2d 799, 802(¶ 14) (Miss.Ct.App.2001). In reviewing the trial court's denial of Nichols' motion for new trial, all evidence is viewed "in the light most favorable to the verdict." Wetz v. State, 503 So.2d 803, 808 (Miss.1987). "The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence." Id. This Court will reverse only where the evidence is "such that reasonable and fair-minded jurors could only find the accused not guilty." Id. The jury acts as the judge of the credibility of witnesses where conflicting testimony is presented. Id. at 813. Based on the evidence discussed in the previous subsection of this issue, the verdict reached by the jury was not against the overwhelming weight of the evidence as reasonable and fair-minded *990 jurors could find Nichols guilty. The trial court did not abuse its discretion in denying Nichols' motion for new trial. This issue is without merit.

2. Whether the trial court erred when it denied Nichols' motion for a mistrial.
¶ 10. Nichols chose to testify in his own defense during the course of the trial. During cross-examination the prosecution attempted to elicit testimony concerning Nichols' prior convictions. Nichols' counsel raised contemporaneous objections to this line of questioning which were sustained. Nichols' counsel did not request that the trial court instruct the jury to disregard the line of questions. It is well established that "where an objection is sustained, and no request is made that the jury be told to disregard the objectionable matter, there is no error." McGowan v. State, 706 So.2d 231, 243(¶ 46) (Miss.1997). Finding no indication in the record where Nichols requested the trial court admonish the jury to disregard the questions, it was not error for the trial court to deny Nichols' motion for a mistrial.

3. Whether the trial court erred by denying Nichols' proposed jury instruction D 2.
¶ 11. Nichols presented this issue in his statement of issues but failed to present citation or authority in support of the issue. Issues of error unsupported by citation or authority are treated as abandoned and the issue is procedurally barred from review. Reaves v. State, 749 So.2d 295, 298(¶ 10) (Miss.Ct.App.1999).

4. Whether the trial court erred when it allowed the amendments to the indictment.
¶ 12. Nichols asserts that the trial court erred when it allowed the State to amend the indictment correcting both the name brand of the compact disc player and the name of the true owner of the item and charging Nichols as a habitual offender. Amendments to indictments are permissible so long as the amendments do not "materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." Griffin v. State, 584 So.2d 1274, 1275 (Miss.1991). The substance of the crimes charged did not change when the indictment was amended to incorporate the correct name brand of the compact disc player and the name of the true owner of the item. Hansford testified that the compact disc player belonged to his roommate, that he was allowed access to the player at all times, that he used the item regularly, and that both he and his roommate considered the item to be owned by both of them. These amendments affected only the form of the indictment and did not prejudice Nichols' case. The amendment charging Nichols as a habitual offender is also permissible. The charge of habitual offender did not affect any defense Nichols could have asserted to the crimes he was charged only the sentence to be imposed. Burrell v. State, 727 So.2d 761, 766(¶ 9) (Miss.Ct.App. 1998).

5. Whether Nichols has been subjected to double jeopardy.
¶ 13. Nichols next asserts that he has been subjected to double jeopardy as he was tried and convicted of both simple assault and attempted robbery. "Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and *991 against multiple punishments for the same offense." Greenwood v. State, 744 So.2d 767, 770 (¶ 14) (Miss.1999). Nichols raises the last of these concerns, multiple punishments for the same offense. This aspect of double jeopardy is governed by the same elements test which asks whether "each offense contains an element not contained in the other." Id.
¶ 14. As stated above, to commit the crime of robbery, a person must "take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person." McKee, 791 So.2d at 807(¶ 8). Simple assault occurs when a person "(a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm." Miss.Code Ann. § 97-3-7(1) (Rev.1994). Clearly, these offenses do not contain the same elements as attempted robbery requires the attempted taking of the personal property of another while simple assault does not require this element. Further, "an overt act toward the commission of one crime can constitute a separate independent crime." Greenwood, 744 So.2d at 771(¶ 20). This issue is without merit.

6. Whether the indictment was faulty.
¶ 15. Nichols' final contention is that the indictment is faulty because, while Count II of the indictment asserts the elements of attempted robbery found in section 97-7-73 of the Mississippi Code, it cites to section 97-3-77, robbery by threat to injure person or relative at another time. In determining the validity of an indictment, this Court must determine "whether the defendant was prejudiced in the preparation of his defense." Gray v. State, 728 So.2d 36, 70 (¶ 171) (Miss.1998). Count II of the indictment before amended at trial stated as follows:
Lynwood Slaydon and Timothy Nichols on or about the 30th day of October, 1999, did wilfully, feloniously and intentionally attempt to take from the presence of Walter Hansford, against his will, a Sony CD Player, the personal property of Walter Hansford, by putting him in fear of some immediate injury to his person by physically attacking him, but they were prevented from getting the Sony CD Player because a victim resisted contrary to and in violation of Section 97-3-77 of Mississippi Code 1972, as amended:
¶ 16. Because the elements of the crime charged were clearly stated, this Court finds that Nichols was not prejudiced by the error. The indictment was, therefore, sufficient to apprize Nichols of the crimes charged. This issue is without merit.

ISSUES RAISED BY LYNWOOD SLAYDON

1. Whether Slaydon has been subjected to double jeopardy.
¶ 17. Slaydon asserts that he was subjected to double jeopardy by being charged with both burglary and attempted robbery. As stated above, the double jeopardy clause protects against multiple punishments for the same offense. Greenwood, 744 So.2d at 770(¶ 14). This aspect of double jeopardy is governed by the same elements test which asks whether "each offense contains an element not contained in the other." Id. Clearly, burglary and its lesser-included offense of trespass on the land of another have different elements than attempted robbery. Charging Slaydon with both burglary and attempted *992 robbery did not subject Slaydon to double jeopardy. This issue is without merit.

2. Whether the prosecution withheld evidence.
¶ 18. Slaydon next asserts that the prosecution withheld or destroyed evidence. During the course of its investigation, the police photographed the house and the injuries suffered by the victims. The photographs were turned over to the police department to be developed and became missing. As a general rule, the State has a duty to preserve evidence that "is expected to play a significant role in the defense." Trollinger v. State, 748 So.2d 167, 171(¶ 16) (Miss.Ct.App.1999). "To play a constitutionally significant role in the defense, the exculpatory nature of the evidence must have been (1) apparent before the evidence was destroyed and (2) of such a nature that the defendant could not obtain comparable evidence by other reasonable means." Id. Slaydon asserts that the photographs are important to his case. The possibility that the evidence may aid the defense does not satisfy this standard. Id. The destroyed evidence is generally presumed to be unfavorable to the spoliator. Jackson v. State, 766 So.2d 795, 801(¶ 11) (Miss.Ct.App.2000). To raise this presumption, however, there must be some evidence of bad faith on the part of the prosecution. Id. at (¶ 12). Slaydon has not presented any evidence that supports a finding that the prosecution acted intentionally in destroying or misplacing the photographs. This issue is without merit.

3. Whether the trial court erred when it allowed the amendments to the indictment.
¶ 19. Slaydon asserts the same issue raised by Nichols' fourth issue, whether the trial court erred when it allowed the prosecution to amend the indictments. As we found above, the amendments to the indictment were not substantive and, therefore, permissible. This issue is without merit.

4. Whether Slaydon was denied access to the court.
¶ 20. Slaydon next asserts that he was denied access to the courts by his limited use of the county law library. During the course of the proceedings, Slaydon moved to have himself appointed co-counsel and requested unlimited access to the county law library to conduct research for his defense. Slaydon was allowed to use the library on a limited basis and had court appointed counsel to research issues for his defense. When counsel is appointed, a defendant's rights to access to the courts is satisfied. Evans v. State, 725 So.2d 613, 704 (¶ 431) (Miss. 1997). Slaydon was not denied access to the courts. This issue is without merit.

5. Whether Slaydon's attorney rendered ineffective assistance.
¶ 21. Slaydon next asserts that his court appointed counsel rendered ineffective assistance. Because Slaydon raised this issue on direct appeal, our review is confined strictly to the record of the lower court proceedings. Colenburg v. State, 735 So.2d 1099, 1101 (¶ 5) (Miss.Ct. App.1999). In determining whether an attorney rendered ineffective assistance, Slaydon must show that his counsel's performance was deficient and that the resulting errors deprived Slaydon of a fair trial. Id. at 1103(¶ 9). Slaydon's counsel is presumed to have provided adequate assistance. Id. Slaydon asserts that appointed counsel failed to effectively investigate and research possible defenses. At trial Slaydon himself presented his entire case with co-counsel supplying objects and guiding *993 Slaydon through the proper procedures. From the record of this case, this Court cannot find that Slaydon's counsel's performance was deficient. This issue is without merit.

6. Whether the trial court erred in limiting Slaydon's cross-examination of the victim.
¶ 22. Slaydon asserts that the trial court erred when it did not allow him to inquire into the sexual preferences of the victim and whether the victim was HIV positive. The trial court did not allow inquiry into these issues finding that they were not relevant to the issues at trial. Whether evidence is relevant and admissible are discretionary matters to be decided by the trial court. Bingham v. State, 723 So.2d 1189, 1191(¶ 9) (Miss.Ct.App.1999). This court will reverse on these matters where the trial court has abused his discretion. Id. The testimony clearly has no bearing on whether Slaydon and Nichols committed the crimes charged against them. We find no abuse of discretion in the exclusion of this evidence. This issue is without merit.

7. Whether Slaydon was a victim of prosecutorial misconduct.
¶ 23. Slaydon asserts that several acts of misconduct by the prosecution caused an unfair trial. The first act of misconduct asserted by Slaydon is the attempt by the prosecution to elicit evidence of prior criminal acts from Nichols on cross-examination. This issue was addressed in Nichols' second point of error. Slaydon, like Nichols objected to the questions and the trial court sustained them yet neither asked the trial court to admonish the jury to disregard the questions. As held above, this point of error is without merit.
¶ 24. Slaydon next asserts that the prosecution acted improperly when it elicited testimony from Hansford concerning illegal acts he observed during the events resulting in this trial, specifically that Nichols was smoking crack. The trial court sustained the objection of Nichols' counsel and admonished the jury to disregard the statements. The jurors are presumed to follow the trial court's instructions so as to dispel any prejudicial effect caused by the comments. Alexander v. State, 759 So.2d 411, 417(¶ 18) (Miss.2000). Slaydon has not offered any evidence to rebut this presumption. This issue is without merit.
¶ 25. Slaydon next contends that the prosecution acted improperly when it commented on the fact that Slaydon did not testify at trial during closing arguments. This comment arose during Slaydon's closing argument which Slaydon himself conducted. The prosecution objected numerous times to statements made by Slaydon stating that Slaydon was not arguing what the evidence presented in this case proved but was instead testifying in his own defense without having been subject to cross-examination. Slaydon did not object when this comment was made and raises this issue for the first time on appeal. Because Slaydon did not make an objection to the comments by the prosecution, he is procedurally barred from asserting this issue on appeal. Walters v. State, 720 So.2d 856, 864(¶ 23) (Miss.1998). This issue is without merit.
¶ 26. Slaydon's next contention in this point of error is that he was subject to vindictive prosecution. The prosecution offered Slaydon a plea agreement in which the prosecution agreed not to prosecute Slaydon as a habitual offender in exchange for Slaydon pleading guilty to the charges. So long as the prosecution "has probable cause to believe the accused committed an offense defined by statute, *994 the decision of whether or not to prosecute and what charge to bring generally rests in his or her discretion." Williams v. State, 766 So.2d 815, 818(¶ 11) (Miss.Ct. App.2000). The prosecution clearly had probable cause to charge Slaydon with the crimes and pursue the maximum penalty as Slaydon was a habitual offender. This issue is without merit.
¶ 27. Slaydon's final contention in this point of error is that the prosecution utilized false testimony during trial. Slaydon did not raise this issue at trial and is therefore procedurally barred from asserting it on appeal. Patton v. State, 742 So.2d 150, 153(¶ 9) (Miss.Ct.App.1999).

8. Whether the trial court erred when it denied Slaydon's peremptory instructions.
¶ 28. Slaydon presented this issue in his statement of issues but failed to present citation or authority in support of the issue. Issues of error unsupported by citation or authority are treated as abandoned and the issue is procedurally barred from review. Reaves, 749 So.2d at 298(¶ 10).

CONCLUSION
¶ 29. The issues raised by Nichols and Slaydon are without merit. Neither was subjected to double jeopardy. The evidence presented at trial was sufficient to convict both Nichols and Slaydon of the crimes charged. The assistance provided by Slaydon's attorney was more than sufficient. The convictions of both Nichols and Slaydon are affirmed.
¶ 30. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF CONVICTION OF BOTH NICHOLS AND SLAYDON OF COUNT I TRESPASS AND SENTENCE OF SIX MONTHS IN PEARL RIVER COUNTY JAIL, FIVE MONTHS AND TWENTY-NINE DAYS SUSPENDED ON POST RELEASE, SAID SENTENCE TO RUN CONSECUTIVELY TO COUNT II; COUNT II ATTEMPTED ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS HABITUAL OFFENDERS; COUNT III SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS IN THE PEARL RIVER COUNTY JAIL, FIVE MONTHS AND TWENTY-NINE DAYS ARE SUSPENDED ON POST RELEASE, SAID SENTENCES TO RUN CONSECUTIVELY TO COUNT II IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.