LEE, J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On October 30, 2001, in the Circuit Court of Oktibbeha County, Vernon Neal pled guilty to one count of the sale of a controlled substance. Neal was sentenced to serve ten years in the custody of the Mississippi Department of Corrections with five years post-release supervision. Neal then filed a motion for post-conviction relief on June 1, 2002, alleging that his name was incorrect on the indictment and his attorney was ineffective for advising him to plead guilty to “a fabricated name.” On October 24, 2002, the trial judge denied Neal’s motion, finding that the name in the indictment had been corrected at the time of the plea. Neal now appeals to this Court stating that the trial court committed plain and reversible error in denying his motion for post-conviction relief.
*1112 DISCUSSION OF ISSUE
¶2. In his brief, Neal argues that his name was wrong on the indictment and also that his attorney was deficient in failing to correct the indictment in a timely manner. During the plea colloquy the State stated, “You are Vernon Neal, is that correct?” Neal responded affirmatively. At the beginning of the plea colloquy Neal is repeatedly referred to as “Mr. Neal,” and Neal did not correct the trial judge. Some point later Neal's attorney states that Neal’s legal name is “Vernon Riley.” Immediately upon hearing that, the State moved to amend the indictment to show the correct name. The trial judge amended the indictment over no objection by Neal’s attorney.
¶ 3. Uniform Circuit and County Court Rule 7.09 states that “[a]ll indictments may be amended as to form but not as to the substance of the offense charged.” An indictment may only be amended at trial if the amendment is immaterial to the merits of the case and the defense will not be prejudiced by the amendment. Griffin v. State, 584 So.2d 1274, 1276 (Miss.1991). At no point in his brief does Neal state that the wrong person was indicted. In fact, Neal included his birth certificate showing his birth name as “Riley,” but he continues to sign his briefs ‘Vernon Neal.” We cannot find that the trial judge erred in allowing the indictment to be amended during Neal’s plea colloquy.
¶ 4. In regards to Neal’s claim that his counsel was ineffective in allowing the State to proceed against him on an indictment with the incorrect name, the trial judge found that claim “to be without merit since, once the Petitioner’s counsel informed the Court of the Petitioner’s correct name, the District Attorney made a motion in open court to amend the Petitioner’s indictment.” Again, as Neal does not claim that he was wrongfully indicted, we fail to see how his attorney rendered ineffective assistance of counsel. This issue is without merit.
¶ 5. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO OK-TIBBEHA COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.