905 So.2d 745 (2004)
Hattie Sue THORNTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00119-COA.
Court of Appeals of Mississippi.
November 23, 2004.
William Mitchell Moran, Brandon, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
MYERS, J., for the Court.
¶ 1. On January 16, 2003, Thornton was convicted of aggravated assault by a jury in the Circuit Court of Leake County and sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Aggrieved by this conviction, Thornton filed this appeal. Thornton's original appellate counsel was allowed to withdraw, and new counsel was substituted. On appeal, Thornton raises one issue:
DID THE TRIAL COURT ERR IN NOT ALLOWING THORNTON TO CROSS-EXAMINE THE STATE'S WITNESSES AS TO THEIR ALLEGED PAST DRUG USE?

FACTS
¶ 2. Mitchell Thornton (Mitchell) and Patsy Savell (Patsy) went to Hattie Sue Thornton's (Thornton) house to pick up Mitchell's son, Matthew. Mitchell is Thornton's son, and Matthew is Thornton's grandson. Thornton was babysitting her grandson, Matthew, for Mitchell and Patsy. At the time of the incident, Mitchell and Patsy were not married. According to their testimony, Mitchell went inside *746 Thornton's house to get Matthew while Patsy stayed in the car and waited. Thornton testified that both Mitchell and Patsy came inside the house, but there is nothing in the record to support this version of the facts other than Thornton's uncorroborated testimony. The record suggests that the more reliable version is that Patsy remained in the car. Mitchell was less than pleased to learn that, contrary to Mitchell's expectations, Thornton sent Matthew over to another person's house. After some kind of verbal exchange with Thornton, Mitchell returned to the car to leave.
¶ 3. As Mitchell returned to the car, Thornton followed him out, carrying a gun. While she was still some distance from the car, Thornton opened fire, aiming at Patsy, who was still seated in the car. When the shooting commenced, Mitchell took cover behind another vehicle that was close by. When the shooting had apparently stopped, Mitchell emerged from his place of safety, and found Thornton standing next to the passenger side of the vehicle with the gun leveled at Patsy. At this point, the gun was out of bullets, but Thornton continued to pull the trigger as she pointed the gun at Patsy. Fearing that Thornton would attempt to re-load the gun, Mitchell ran up and struck Thornton, knocking her to the ground. Responding to Patsy's cries for help, in haste Mitchell got back into the car and immediately drove Patsy to the emergency room. Patsy had been shot several times, but she survived.

LEGAL ANALYSIS
DID THE TRIAL COURT ERR IN NOT ALLOWING THORNTON TO CROSS-EXAMINE THE STATE'S WITNESSES AS TO THEIR ALLEGED DRUG USE IN THE PAST.
¶ 4. Thornton argues that she should have been allowed to cross-examine Mitchell and Patsy as to their alleged past drug use. The State argues that the alleged past drug use of Mitchell and Patsy was irrelevant and that, nevertheless, Thornton was allowed to ask Mitchell and Patsy about drug use on the night in question.

STANDARD OF REVIEW
¶ 5. We review the admission or exclusion of evidence for abuse of discretion, and, if we find an abuse of discretion, we will not reverse unless the abuse affected a substantial right of a party. Gibson v. Wright, 870 So.2d 1250, 1258(¶ 28) (Miss. Ct.App.2004) (citations omitted). More specifically, we have held that, even though the scope of cross-examination is broad, "the trial court in its discretion has the inherent power to limit cross-examination to relevant matters." Mixon v. State, 794 So.2d 1007, 1013(¶ 20) (Miss.2001) (citations omitted). Thus, the same abuse of discretion standard of review applies to this issue concerning the scope of cross-examination. Adams v. State, 851 So.2d 366, 376(¶ 28) (Miss.Ct.App.2002).

DISCUSSION
¶ 6. Our review of the record clearly indicates that the trial court did not abuse its discretion. Thornton was allowed to ask Mitchell and Patsy about drug use on the night in question, and the testimony indicated that they had not used drugs on the night in question nor on any other occasion for several years. Thus, not all questioning about drug use was forbidden. The trial court allowed questioning about drug use that may have been relevant to the case, but the trial court found that Mitchell and Patsy's alleged past drug use was irrelevant.
¶ 7. Our law in matters of relevance and admissibility of evidence is well settled: *747 "Whether evidence is relevant and admissible are discretionary matters to be decided by the trial court." Nichols v. State, 822 So.2d 984, 993(¶ 22) (Miss.Ct.App.2002) (citing Bingham v. State, 723 So.2d 1189, 1191(¶ 9) (Miss.Ct.App.1999)). As noted above, we have held that this discretion extends to limiting cross-examination to relevant matters. Mixon, 794 So.2d at 1013(¶ 20). Thus, the trial court had the discretion to limit the cross-examination of Mitchell and Patsy to relevant matters, and we can find no abuse of discretion in the trial court's conclusion that the subject of alleged past drug use was irrelevant.
¶ 8. Thornton confessed to the shooting, and she offered no valid justification for the shooting. Thornton even went so far as to say that, given the circumstances, she believed it would be "ok" to shoot someone who called her names. The fact that Mitchell and Patsy may have done drugs some time in the distant past could not in any event have justified the shooting. Even if Thornton had been allowed to show that Mitchell and Patsy used drugs in the past, that fact alone could not have justified or lessened the seriousness of her actions. Indeed, we are at a loss to find even the slightest relevance that Mitchell and Patsy's alleged past drug use could possibly have had in this case.
¶ 9. Therefore, we find that the trial court did not abuse its discretion, and the judgment is affirmed.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.