# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-00953-COA

**REGIO DARRELL LAVANT A/K/A REGIO LAVANT**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/2024 |
| TRIAL JUDGE: | HON. RANDI PERESICH MUELLER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | WILLIAM CROSBY PARKER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/16/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1. A Harrison County Circuit Court jury convicted Regio Lavant of one count of aggravated trafficking of a controlled substance in violation of Mississippi Code Annotated section 41-29-139(g) (Supp. 2018). The trial court sentenced Lavant to serve thirty-five years day for day in the custody of the Mississippi Department of Corrections (MDOC). On appeal, Lavant argues that the trial court erred by limiting his cross-examination of a State's witness. Finding no error, we affirm.

## FACTS

¶2.    At trial, Officer Joshua Macko with the Harrison County Sheriff's Department testified that he stopped a Nissan Altima for careless driving. The driver, Delenisha Stovall, and Lavant were the only two occupants of the vehicle. Officer Macko testified that after pulling over the Altima, he smelled marijuana coming from the vehicle. He asked Stovall to step out of the vehicle to speak to her about the reason for the traffic stop and write her a citation. While outside the vehicle, Stovall informed Officer Macko that she and Lavant were returning from Houston, Texas. Officer Macko asked Stovall about the marijuana odor, and she denied that there were any drugs in the vehicle.

¶3.    Officer Macko returned to the vehicle to conduct a probable cause search. He asked Lavant to step out of the vehicle. Officer Macko mentioned the marijuana odor to Lavant, and Lavant claimed that one of Stovall's friends had smoked in the car before they left Texas.

¶4.    Officer Macko's search led to the discovery of an empty box for a set of digital scales, marijuana residue on the front passenger seat, and a prescription bottle with the name Sandra McCullum on it. A search of the vehicle's trunk revealed a Nike bag, which Lavant claimed as his, and a Coach bag, which Stovall claimed was hers. The officers found male clothes in the Nike bag and a container of a crystal-like substance consistent with methamphetamine in the Coach bag.[1]

¶5.    Stovall immediately stated that Lavant had told her to tell officers the Coach bag belonged to her. Lavant and Stovall were read their rights, taken into custody, and questioned. Stovall told officers that Lavant had picked her up in a rental car the day before

---

[1] Testing later revealed that the container had 989.06 grams of methamphetamine inside.

to travel to Houston. She stated that while in Houston, Lavant dropped her off at her cousin's house and took the vehicle for several hours. When Lavant was questioned by law enforcement, he changed his story several times and claimed that he had never left Mississippi.

¶6.    At trial, Stovall testified that on the day of the traffic stop, Lavant stopped in the parking lot of a Texas mall to meet a man. Stovall stated that Lavant and the other man talked in the front of the car while she sat in the back seat with her head down and her earphones in. Stovall testified that when Lavant and the other man finished talking, they stepped outside and opened the trunk of the rental car. Stovall stated that she remained inside the car. Lavant then got back into the car and drove until he and Stovall reached Louisiana. Once in Louisiana, Lavant said he was tired, and he asked if Stovall could drive. Stovall testified that after she began driving they did not stop again until Officer Macko pulled them over. Stovall admitted that she had lied to law enforcement about Lavant being her godbrother, Lavant dropping her off with her cousin, and the Coach bag belonging to her.

¶7.    During Stovall's cross-examination, the defense attempted to prove that Stovall possessed the methamphetamine found during the traffic stop. In response to questioning, Stovall testified that she was "not really" familiar with drug language. Lavant's attorney then attempted to impeach Stovall's credibility and truthfulness by submitting a text from Stovall to Lavant. The text message stated, "I want to break you down like a kilo." Lavant's attorney also moved to admit a photograph of Stovall that the defense argued showed Stovall "throwing up gang signs." The State objected to Lavant's attorney showing the photograph

3

and the text message, arguing that the trial court had granted the State's motion in limine to exclude the use of any evidence that had not been produced to the State during discovery. Lavant argued that the photograph and the text message were impeachment evidence and exempt from the discovery rules. The trial court sustained the State's objection. The trial court found that the evidence was not relevant and constituted a discovery violation because Lavant failed to produce the photograph and text message before trial. The trial court found that it looked like Stovall was "giving the finger to the camera." The court also found it was unclear from the photograph if the person smoking was using drugs or was smoking a legal substance. Even so, the trial court allowed Lavant to make a proffer.

¶8. During the proffer, Stovall testified that the photograph showed her with her cousins, brother, and "bonus brother." Stovall also testified that the photograph depicted several people, including her, "flipping off" the camera, others holding up different hand gestures, and one person smoking. Lavant's attorney argued that the photograph established Stovall's affiliation with gang and drug activity. Stovall testified, however, that she and others were simply "flipping the camera off." Stovall claimed she did not know what the other hand gestures were, but she stated she knew that they were not gang signs.

¶9. Lavant's attorney asked Stovall if she recalled sending a text to Lavant that stated, "I want to break you down like a kilo." Stovall initially testified that she did not recall sending that message to Lavant. Lavant's attorney then asked Stovall to read a text exchange between her and Lavant. After refreshing her memory, Stovall admitted to sending the message to Lavant, but she explained that "break you down like a kilo" was a song lyric and "sexual

4

talk" rather than a reference to drug use.

¶10.    Following its deliberations, the jury found Lavant guilty of aggravated trafficking of a controlled substance. Lavant unsuccessfully moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. Aggrieved, Lavant appeals.

## DISCUSSION

¶11.    On appeal, Lavant asserts that the trial court erred by limiting his cross-examination testimony and impeachment evidence regarding Stovall. We review "the trial court's relevancy ruling limiting cross-examination for abuse of discretion." *Farmer v. State*, 301 So. 3d 731, 734 (¶12) (Miss. Ct. App. 2020). "The right to cross-examination is secured by the confrontation clause of the Sixth Amendment to the Constitution of the United States, made enforceable against the states by the Fourteenth Amendment." *Id*. (quoting *Raiford v. State*, 907 So. 2d 998, 1001 (¶8) (Miss. Ct. App. 2005)). While defense counsel has wide latitude in cross-examination, "the trial court in its discretion has the inherent power to limit cross-examination to relevant matters." *Id*. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the case." *Polk v. State*, 422 So. 3d 1072, 1078-79 (¶14) (Miss. Ct. App. 2025) (citing MRE 401). "Mississippi Rule of Evidence 401 is construed broadly in favor of admitting evidence with even slight probative value." *Id*.

¶12.    In ruling on the admissibility of Lavant's proffered evidence, the trial court stated that it would not allow the text-message chain and the photograph to be entered into evidence because the defense violated discovery by not producing them before trial. Mississippi Rule

of Criminal Procedure 17.3 requires defendants to disclose "[a]ny physical evidence, photographs, and data or information that exists in electronic or magnetic form which the defendant may offer in evidence[.]" MRCrP 17.3(2).

¶13. The trial court also stated that it did not see how the photograph could be relevant. Lavant claims that the proffered evidence showed Stovall was "knowledgeable about drugs" and "establish[ed] an inference that she was the transporter of the meth[amphetamine] and not Lavant." In the proffer, Stovall testified that in the photograph, she was "flipping off" the camera. She further testified that the text, "I want to break you down like a kilo," to Lavant referenced a song lyric that she stated was "sexual talk." Lavant maintains that the text message and photograph were relevant because "the case concerned drugs which Stovall said she knew nothing about, and gangs are well known to be involved in drug trade." Lavant also argues that it was for the jury to decide if Stovall was "being truthful when she said she did not know anything about drug culture." Despite Lavant's arguments, this inquiry into Stovall's level of knowledge about drug language is not a substantive or probative fact relevant to the main issue, which is Lavant's guilt or innocence regarding the charge of aggravated trafficking of a controlled substance. *See Bingham v. State*, 723 So. 2d 1189, 1191 (¶9) (Miss. Ct. App. 1998). In other words, Stovall's familiarity with drug language or gangs would not have established that she constructively possessed the methamphetamine found during the traffic stop.

¶14. Additionally, Lavant was able to question Stovall on cross-examination and challenge her credibility and bias. Specifically, the jury heard Stovall's testimony that during the traffic

stop, she was not honest with law enforcement several times. This Court has held that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." *Johnson v. State*, 276 So. 3d 1195, 1200 (¶22) (Miss. Ct. App. 2018). The record reflects that Lavant had the opportunity to fully challenge Stovall's credibility and bias, and the trial court properly excluded the admission of the photograph and text message. Accordingly, we find the trial court did not abuse its discretion in limiting the cross-examination testimony and impeachment evidence that Lavant sought to admit.

## CONCLUSION

¶15.   Finding that the trial court did not abuse its discretion by limiting Lavant's cross-examination of Stovall to relevant matters, we affirm Lavant's conviction and sentence.

¶16.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**